On Motion for Rehearing
The appellant’s attorney has filed a motion for rehearing explaining that his concession that the appeal was moot overlooked some possible collateral consequences. If Mr. Bush was unlawfully incarcerated as a result of an improper revocation of probation, then it is at least arguable that he can avoid liability for certain incarceration costs and other correctional costs.[4] The State concedes that the rehearing has merit. Accordingly, we reinstate this appeal.
Although the State properly concedes reversible error in the revocation of Mr. Bush’s probation in case number 05-00577-CFAWS, it does not concede error in the revocation of Mr. Bush’s probation *1111 in case number 04-00131-CFAWS. Competent, substantial evidence established a willful and substantial violation of probation in case number 04-00131-CFAWS, and the trial court did not abuse its discretion in revoking Mr. Bush’s probation and in sentencing him to five years’ imprisonment in that case. Furthermore, despite the procedural incongruities mentioned in our original opinion, we have not found reversible error as to the revocation of probation in that case. We thus affirm the revocation of Mr. Bush’s probation and the resulting sentence of five years’ imprisonment in case number 04-00131-CFAWS. However, in light of the possibility that the costs of incarceration or other collateral consequences might be slightly different for these two cases, we reverse the order of revocation and the resulting sentence in case number 05-00577-CFAWS. On remand, the trial court shall reinstate the order of probation in case number 05-00577-CFAWS, which has now been fully served.
Affirmed in part, reversed in part, and remanded.
BLACK, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.

. To the extent that our original opinion suggests that a case might become moot merely because a defendant has fully served his or her sentence, we acknowledge that this would not be correct in all cases.